In the Matter of the Claim of CLARA K. CAMPBELL, Respondent, against JOHN MONTELEONE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 11, 1935.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Hector A. Robichon, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*Richard M. Cantor* and *Nemo Convisser,* for the claimant, respondent.

RHODES, J. Claimant, the widow of David Campbell, the deceased employee, brought a third party action in the name of herself as administratrix of said deceased and recovered a verdict of $20,000 for damages sustained by reason of his death. Judgment was entered thereon for said sum and for $2,364.61, interest and costs. Thereafter the judgment pending appeal was compromised by the payment of $22,000. As there were surviving children of the marriage, the widow was entitled to one-third of said sum of $22,000, to wit, the sum of $7,333.33.

Claimant thereafter applied for and was awarded compensation, against which the Board has charged her with what it has computed as the amount of her share of the recovery in the third party action, such deduction being fixed at $6,666.66.

Appellants complain that her share of the recovery has been computed on an erroneous basis. For the purpose of fixing the amount of the award, the Board computed her share of the recovery as one-third of the amount of the verdict of $20,000, instead of one-third of $22,000, the amount actually collected for the verdict, interest and costs. The reason why interest was not taken into consideration was stated by the member of the Board conducting the hearing as follows: " Now, as far as interest is concerned, I doubt that the Board has jurisdiction of that matter. The interests are something which compensate the claimant for what she has lost by reason of being deprived of the use of the money during the time that the interest accrued." This construction of the law was erroneous.

Section 29 of the Workmen's Compensation Law provides in substance that where a third party action is brought, the carrier " shall contribute only the deficiency, if any, between the *amount of the recovery* against such other person *actually collected*, and the compensation provided or estimated " by the Workmen's Compensation Law.

The amount of $22,000, actually collected in the action, is the basis upon which should be computed the share of the claimant for the purpose of determining her deficiency compensation, instead of the sum of $20,000, the amount of the verdict. She will suffer no loss of compensation thereby because she has been awarded the same from the date of her husband's death. Part of this compensation is measured by what she has actually received from the third party action; the balance is to be contributed by the carrier.

It is suggested in respondent's brief that the attorney for the carrier on the hearing below consented that the amount of the deduction be computed upon the amount of the verdict, instead of upon the amount actually collected. The record does not sustain

this contention. The carrier's attorney insisted throughout that it should not be penalized for the time claimant was waiting for the money in the action, because she was entitled to an award for compensation during that period.

Appellants also urge that claimant should not be credited with the amount of $200 for funeral expenses as there is no proof in the record to show that she has individually paid or incurred them. In the absence of such proof, she is not entitled to such deduction.

The award should be reversed, with costs to the appellants against the State Industrial Board, and the claim remitted to said Board for further proceedings in accordance herewith.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Award reversed, with costs to the appellants against the State Industrial Board, and claim remitted to said Board for further proceedings in accordance with opinion.